E. H. Strong, Sr., et al. *v.* John Paret.

**Fraudulent Conveyance — Sufficiency of Proof.**

A voluntary conveyance by a debtor to a son is *prima facie* fraudulent, and it would devolve upon the grantee to show it was not, by proof of ample visible property reserved by debtor for the payment of his debts.[1]

**Charge on Property — What Constitutes.**

To constitute a charge upon the lands of a debtor, the bill must show conclusively that he did *not* retain sufficient property above the amount of his debts to liquidate same.

This was a suit in the Chancery Court of Clay county in which a conveyance for exchange of property between father and son is sought to be set aside, and was predicated on a judgment, rendered September 20, 1882, for $411, in favor of appellee (as

---

[1]
A voluntary conveyance is *prima facie* fraudulent as to existing creditors, and the party claiming under it must rebut this presumption by clear and satisfactory proof. It will not be sufficient to show merely the fair intention of the grantor, and that by good management the property retained by him was sufficient to pay his debts. The proof must show that by the ordinary course of human transactions the conveyance could not operate to delay, hinder, or defeat the claim of the prior creditor. The property conveyed must be so inconsiderable when compared with that retained by the grantor, and the debts owed by him, that it could not be supposed that the gift endangered the safety of any of his debts, or could delay their payment. Young v. White, 3 Cush. 146; Swayze v. McCrossin, 13 S. & M. 317.

A voluntary conveyance by an insolvent debtor is fraudulent *per se* as to existing creditors, whether made with a fraudulent intent or not, and in such a case it is not necessary in the bill to aver the fraudulent intent. Catchings v. Manlove, 39 Miss. 655.

assignee), on a promissory note signed and executed May 6, 1881, by E. H. Strong and wife, appellants. The prayer of the bill is to make this judgment a charge upon certain lands conveyed by one Peter Stark, agent, to E. H. Strong, Jr., son of E. H. Strong, in exchange for certain lands then owned by appellants. The bill alleges briefly that appellants were the owners of a large and valuable plantation which was exchanged for property worth materially less; that the exchange was only a partial consideration; that said plantation was all the property the appellants had at that time or have had since. To which appellants demurred on the grounds that the bill did not charge insolvency at the time of the conveyance, or that the conveyance was for the purpose of defrauding creditors, or that thereby appellee was hindered and delayed in the collection of his debt. This demurrer was overruled, and from the decree of the chancellor, appellants appeal.

APPEALED from Chancery Court, Clay county, S. EVANS, Chancellor.

Reversed, demurrer sustained, and bill dismissed, January 18, 1886.

*Attorneys for appellant, White & Fox.*

*Attorneys for appellee, Barry & Beckett.*

Brief of White & Fox:

 *   *   *   In the case of Hogan *v.* Bennett, 37 Miss. 617, it was held that an allegation in a creditor's bill to set aside a

There was a conveyance by the debtor to his brother-in-law, who afterward conveyed to the debtor's wife. The court reviewed the evidence and came to the conclusion that the conveyances were voluntary, and mere contrivances to defeat creditors. Henry *v.* Fullerton, 13 S. & M. 631.

A voluntary conveyance is not fraudulent *per se* as to creditors. Whether it is fraudulent depends upon the financial condition of the grantor, his ability to pay debts out of remaining property, and like circumstances. If he is wealthy, and owes debts only to a trifling amount, a voluntary conveyance made by him will not be deemed fraudulent. (Bogard *v.* Gardley, 4 S. & M. 302; Swayze *v.* McCrossin, 13 S. & M. 317, disapproved.) Wilson *v.* Kohlheim, 46 Miss. 346.

A voluntary conveyance is *prima facie* void as to existing creditors; the grantor's mere indebtedness, however, will not in all cases render such a conveyance void. The presumption of invalidity may be rebutted by evidence showing that he was in prosperous circumstances, unembarrassed, and had

fraudulent conveyance, that the conveyance, void on its face and *fraudulent* as to creditors, was insufficient; that there should be an allegation that the conveyances were made with the intent to delay, hinder, or defraud creditors. Yet it appears from the statement of the case in the report of this case, that the trust deed which authorized the trustee to make the conveyance sought to be vacated, " hindered, delayed, and defrauded the complainants in the collection of their debts."

In the case of Catchings *v.* Marlow, 39 Miss. 666, it is held that an allegation of fraudulent intent is not necessary when the bill shows that the conveyance was voluntary and the grantor insolvent, but it seems, from the opinion of the court in this case, it is necessary to allege either a fraudulent intent on the part of the grantor or that the conveyance was voluntary and the grantor insolvent.

In the case of Wilson *v.* Kohlheim, 46 Miss. 360, it is decided that a voluntary conveyance of property by a father to his son is not fraudulent and void *per se* as to existing creditors.   *   *   *

A bill to set aside a fraudulent conveyance which alleges that the conveyance was voluntary and made with the intent to hinder, delay, and cheat creditors, is not sufficient, without alleging that the debtor was insolvent. Wedekind *v.* Parsons, 64 Ind. 290.

A conveyance which is voluntary cannot be impeached for fraud by creditors if the debtor retain ample property to satisfy and the burden of proof is on the creditor. Hogan *v.* Robinson, 94 Ind. 138.

property left amply sufficient to pay all his debts. Cowan *v.* Alsop, 51 Miss. 158.

A voluntary conveyance for the confessed purpose of preventing the grantor from subjecting the land conveyed cannot be upheld by showing that he had other property not conveyed sufficient to pay all his debts. Edmunds *v.* Mister, 58 Miss. 765.

The legal presumption that a voluntary conveyance of land is fraudulent as to creditors is not rebutted by showing a retention of a reversion of the land in the grantor, where all his tangible property is nominally conveyed for the life of the grantee, but the grantor remains in possession and enjoyment of the same; nor by showing the retention by the debtor of other property unless it is undoubtedly sufficient to readily pay all of his debts and is plainly accessible to the creditors. (Wilson *v.* Kohlheim, 46 Miss. 351, distinguished.) Edmunds *v.* Mister, 58 Miss. 765.

Where a voluntary conveyance is made by a mother to her son, the fact that she was not actuated by any fraudulent intent, and did not even sup-

The bill should aver the insolvency of the debtor or a fraudulent intent. Braker v. Kelsey, 72 Ind. 52; Pfeifer v. Snyder, 72 Ind. 78.

We invite the special attention of the court to the case of Wilson v. Kohlheim, 46 Miss. 365, and the authorities cited. This case is a review of all the leading authorities and overrules the cases of Bogard v. Gardling, 4 S. & M. 310, and Swayze v. McCronin, 13 S. & M. —, which held that a voluntary conveyance as to existing creditors was void *per se,* and the general rule now seems to be that the debtor must be insolvent or the conveyance must, in some way, impair, hinder, or delay his creditors, or it must be made with the intent to do so.

The allegations of the complainant's bill not only fail to show that E. H. Strong, Sr., was insolvent at the time of the conveyance to E. H. Strong, Jr., but shows the contrary. There is no averment of any indebtedness except the small debt due John Paret, and the bill shows that the plantation conveyed by E. H. Strong, Sr., was worth much more than the town property conveyed as a part consideration for the plantation, and that E. H. Strong, Sr., received the difference, or at least it does not show that the difference was placed beyond the reach of creditors.

It would be no hardship to require complainants to allege that the conveyance to E. H. Strong, Jr., in fact hindered and delayed existing creditors or that it was made with such intent or that Strong was insolvent at the time of the conveyance.

We invoke the rule that the pleadings are to be construed most strongly against the pleader and the presumption is to be indulged

pose that she was liable for complainant's debt, is not of itself a defense to a bill to set aside the conveyance. The law presumes that a voluntary conveyance, though resting on proper moral motives, is void as to creditors. Facts may be shown to overcome the presumption of fraud, as that the donor was prosperous, and retained ample means accessible to creditors, to discharge all obligations, and that the gift was reasonable, apparently, in no serious degree putting in hazard the rights of existing creditors; where such are not shown the conveyance will be set aside. Cock v. Oakley, 50 Miss. 628.

One is conclusively presumed to have intended fraud if it necessarily and logically results from his conduct. Hilliard v. Cagle, 46 Miss. 309.

The intent of the grantor, which will avoid a voluntary assignment, need not be an actual corrupt intent. The law imputes a fraudulent intent if the thing done is unlawful and naturally results in hindering, delaying, and defrauding creditors. And this rule applies equally where the matter or act that is unlawful is shown by extrinsic evidence, as when it appears on the face of the deed. Marks v. Bradley, 69 Miss. 1, 10 So. 922.

that, as complainant would not allege an intent to defraud, or that the conveyance operated as a hindrance or delay to creditors, or that Strong was insolvent, he cannot do so or make the proof to sustain such an allegation and the demurrer should be sustained.

Our view of the case is sustained by Mr. Bump in his work on Fraudulent Conveyances (2d ed.), pp. 273 and 274, and the authorities there cited.

The bill is fatally defective in not alleging the insolvency of Mrs. R. A. Strong, complainant having a judgment against her for the same indebtedness, and there is nothing in the bill of complaint to show that complainant has exhausted his remedies against her, R. A. Strong, or to show that she had no property at the time of the conveyance which is attacked. If she was solvent then the conveyance to E. H. Strong, Jr., could not have defrauded complainant, and for a failure to allege the insolvency of R. A. Strong, there is no equity in the bill and the demurrer should be sustained.

### Brief of Barry & Beckett:

This is a bill filed under Code of 1880, section 1843, to subject to the payment of an unpaid judgment in favor of appellee, John Paret, against the appellant, E. H. Strong, Sr., certain lands, which said appellant obtained by exchange for other lands, and took the title in the name of his son, the other appellant, E. H. Strong, Jr., whereas the bill alleges that the consideration was paid entirely and exclusively by said E. H. Strong, Sr., and

---

Where the necessary consequence of a written instrument is to. hinder, delay, or defraud creditors, the maker will be held to have intended to accomplish this, and as to them, it will be declared fraudulent without reference to the actual intent. Harman *v.* Hoskins, 56 Miss. 142.

A conveyance in honest payment of a debt is not rendered fraudulent because brought about by the action of other creditors in pressing for collection of their debts. McAllister *v.* Honea, 71 Miss. 256, 14 So. 264.

A conveyance made to hinder, delay, or defraud creditors is only void as to them; it is good as against the grantor and his heirs. Shaw *v.* Millsaps, 50 Miss. 380.

A conveyance by a husband to his wife of property worth $6,500, for a consideration of $400, is voluntary, and invalid as to the husband's creditors, prior or subsequent. Wynne *v.* Mason, 72 Miss. 424, 18 So. 422.

The burden is on the grantee in a voluntary conveyance to show that the grantor retained other specific property readily accessible, and ample for the discharge of his debts. Ames *v.* Dorrah, 76 Miss. 187, 23 So. 768.

that there was no consideration from E. H. Strong, Jr., for the deed to him. To this bill a demurrer was sustained because the bill failed to allege that this was all the property the father had. An amendment was immediately made by interlining, stating that this was all the property the father had, or had had since, and the amended bill was demurred to, the defendants claiming that the bill should either aver that the father was insolvent at the time, or that the deed was made for the purpose of defrauding creditors.

It is laid down by our Supreme Court that " good pleading only requires the complainant to state a *prima facie* case." Dodge *v.* Evans, 43 Miss. 570, 579.

And this principle is reaffirmed in Belcher *v.* Mhoon, 47 Miss. 619, 620; Bell *v.* Gordon, 55 Miss. 49, 50; Greene *v.* Williams, 58 Miss. 758, 759.

The complainant is not required to state a fact the *burden of proof* of which is on the defendant. Dodge *v.* Evans, 43 Miss. 579; Amory *v.* Brown, L. R., 8 Eq. 663; Lipscomb *v.* McClellan, 72 Ala. 158, 159.

Now both of these conditions attach to a voluntary deed. It is *prima facie* void as to existing creditors, and the burden of proof is on the donee to show that it is not. Cowen *v.* Alsop, 51 Miss. 162, 163; Cock *v.* Oakley, 50 Miss. 630, 631; Buchanan *v.* Buchanan, 72 Ala. 55, 57; Lipscomb *v.* McClellan, 72 Ala. 158, 159.

Wherefore, we think, the demurrer to the amended bill was properly overruled. It was not necessary to aver that the father was insolvent. The bill shows that he conveyed away all the property that he had. It would be a strange perversion of justice if a solvent man could *give away all his property,* and yet the gift

---

. A grantee in a voluntary conveyance must show, as against pre-existing creditors of the grantor, that the grantor left out of the conveyance property easily accessible to execution, amply sufficient in the ordinary course of events to satisfy his then existing liabilities. Golden *v.* Goode, 76 Miss. 400, 24 So. 905.

Where an action is brought to set aside a fraudulent conveyance, the facts constituting the fraud should be positively alleged in the bill, if known to complainant, otherwise they should be alleged on information and belief; and hence a petition alleging fraud in general terms only is insufficient. McInnis *v.* Wiscasset Mills. 78 Miss. 52, 28 So. 725.

In a suit to set aside a conveyance made by a husband to his wife, as in fraud of creditors, the burden is on complainant to show the fraud. Virden *v.* Dwyer, 78 Miss. 763. 30 So. 45.

be good, because he was able to pay his debts, and yet would not do it. In the case last cited it was shown that Mrs. Cock had $5,000 or $6,000 left, and yet the court say that is no defense. Cock *v.* Oakley, 50 Miss. 631.

A solvent man has no more claim to give away *all* his property than an insolvent one.

The appellant's brief proves too much. It shows that in Indiana a voluntary conveyance is *prima facie* valid, and the burden of proof is on the creditor. Hogan *v.* Robinson, 94 Ind. 138.

Appellant now, for the first time, objects that the bill does not show Mrs. R. A. Strong to be insolvent. No such point was made in the demurrer; if it had been the bill might have been amended in this respect if necessary. But the Supreme Court has adopted that line of decisions which holds that the fraudulent grantor or judgment debtor is not a necessary party to a bill to reach and subject the property in the hands of the grantee and donee. It would be a great hardship to throw on the creditor the burden of proving all the private affairs of the debtor and his family in order to defeat a plain voluntary gift of his property against a debt due at the time. Such things are peculiarly within the knowledge of the family and the burden is properly on them.

OPINION.— COOPER, C. J., delivered the opinion of the court:

Had the complainant charged that the conveyance by his debtor to his son was voluntary, *prima facie* the conveyance would have been fraudulent and it would have devolved upon the grantee to show it was not, by proving that the debtor received ample visible property for the payment of his debts. But the allegations of the bill are that the debtor was the owner of a large and valuable plantation which he conveyed to Stark and received the lots conveyed to his son as " part payment."

It is true, he says, in a sentence, the grammatical construction of which refers to the lots, that " this was all the property he had or has since had," but this is contradicted by the allegation that he had a large and valuable place which he sold to Stark, accepting the lots in part payment thereof.

Construing the pleadings most strongly against the pleader, we are of opinion that the bill itself suggests, if it does not aver, that

the debtor retained a considerable estate in his hands, and since the debt sought to be enforced is small, the reasonable inference from all the allegations is that the debtor reserved sufficient property to satisfy the complainant's debt. Under the circumstances, the conveyance to the son, though voluntary, would not be fraudulent and the demurrer should have been sustained.

Decree *reversed*, demurrer sustained, and bill dismissed.